Matter of Yu (2025 NY Slip Op 04487)

Matter of Yu

2025 NY Slip Op 04487

Decided on July 30, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
BARRY E. WARHIT, JJ.

2024-00001

[*1]In the Matter of Lionel Jay Yu, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Lionel Jay Yu, respondent. (Attorney Registration No. 5731351)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 15, 2020.

David W. Chandler, Brooklyn, NY (Lauren R. Cooper of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a formal disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition dated December 27, 2023, and a verified petition dated December 21, 2023, containing one charge of professional misconduct. The respondent served and filed an answer dated January 17, 2024. By decision and order on application dated April 4, 2024, this Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to the Honorable Charles J. Thomas, as Special Referee, to hear and report. In a report dated September 23, 2024, the Special Referee sustained the single charge in the petition. By notice of motion dated October 29, 2024, the Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent did not file a response to the Grievance Committee's motion.
The Petition
The petition alleges one charge of professional misconduct. On March 4, 2021, the respondent accompanied his friend William Duncan, the defendant in a traffic matter, to the Virginia General District Court in Augusta County, Virginia. When Duncan's case was called, the respondent, who is not admitted to practice law in Virginia, accompanied Duncan to the defendant's table.
Before the proceeding began, the Honorable Rupen R. Shah twice asked the respondent if he was licensed to practice law in Virginia. Both times the respondent answered in the affirmative. When Judge Shah asked the respondent if he had an office in Virginia, the respondent answered in the affirmative. When Judge Shah asked for the respondent's Virginia bar identification number, the respondent said that he did not have it with him, but he assured Judge Shah that he had a Virginia attorney identification card.
Judge Shah allowed the proceeding to go forward, and the respondent cross-examined a police officer. After the case concluded, Judge Shah discovered that the respondent was not admitted to practice law in Virginia. On that same date, Judge Shah found the respondent guilty of summary contempt, pursuant to Virginia Code Annotated § 18.2-456. The respondent was fined $250, and a 10-day jail sentence was suspended.
Based on the above, the respondent was charged with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation that was prejudicial to the administration of justice, in violation of rule 8.4(c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The Hearing Record
A hearing was held on June 3, 2024. The respondent testified at the hearing that he currently works from a home office and that he "[o]ccasionally" practices law. The respondent gave the following description of his work: "Usually when my friends — when clients come to me with contract disputes[,] . . . [s]o, mostly contract work. Usually they bring me like a lease or a contract closing document and I review it and see what issues I have with it."
A transcript of the respondent's examination under oath (hereinafter EUO) was entered into evidence at the hearing by the Grievance Committee. At his EUO, when asked to describe the events that led to the summary contempt charge in Virginia on March 4, 2021, the respondent testified that he went to court with his friend who was required to appear due to a traffic offense. The respondent testified that he had no intention of representing his friend, but he "just could not help [himself] to help [the friend], even though [he] had no intention of going and doing it." The respondent recounted that he just jumped up and sat at the defendant's table with his friend. The respondent admitted that when Judge Shah asked him if he was a licensed attorney in Virginia and if he had an office in Virginia, he answered yes to both questions. The respondent explained,
"[Judge Shah] did not ask me if I was admitted to practice in Virginia. He asked me, specifically, whether I was a licensed attorney in Virginia. So it was . . . I knew what he was asking me. I just interpreted it a little differently than he had . . . . I just thought there was like some ambiguity in his question."
The respondent explained that he owned a home in Virginia and was working at home, and therefore, he believed that he had a home office in Virginia.
At his EUO, the respondent testified that Judge Shah asked the respondent for his Virginia bar identification number, and the respondent stated that he did not have it and could not remember the number. The respondent testified that he then gave Judge Shah his business card, and Judge Shah asked again if he was licensed to practice law in Virginia, to which the respondent answered yes. The respondent testified that Judge Shah allowed the respondent to examine the police officer and scolded the respondent for not wearing proper court attire. According to the respondent, the court proceeding lasted approximately 15 minutes. The respondent testified that at the conclusion of the proceeding, Judge Shah instructed the respondent to go the clerk's office to provide his Virginia bar identification number. The respondent testified that he went to the clerk's office and told the clerk that he would email his Virginia bar identification number when he found it, even knowing he had no plan to do so.
At his EUO, the respondent testified that shortly after leaving the courthouse, he received a call from someone in Judge Shah's chambers and was told to return to the courtroom. The respondent testified that he reported back to the courtroom, where Judge Shah asked him if he was licensed to practice law in Virginia. The respondent testified that at this time, he stated that he was only licensed to practice law in New York, and Judge Shah issued an order holding him in contempt. The contempt order, dated March 4, 2021, stated that the respondent "represented to the court that he is licensed to practice in Virginia. Court allowed the [respondent] to appear on his client's behalf [and the respondent] practiced law [and] tried a case. He was improperly dressed." The respondent was fined $250 and given a 10-day suspended jail sentence.
In June 2021, in a separate proceeding, a warrant of arrest was issued for the respondent for a charge of unlawful practice of law in Virginia, in violation of Virginia Code Annotated § 54.1-3904, a misdemeanor. In connection with his nolo contendere plea to that charge on January 7, 2022, the respondent agreed to complete 50 hours of ethics continuing legal education (hereinafter CLE) classes in New York or Virginia and to report the disposition of his contempt and unauthorized practice of law cases to a New York State Grievance Committee in contemplation of [*2]dismissal of the charge. Dismissal of the charge was also contingent on 12 months of good behavior. The respondent was directed to return to the Virginia court on January 5, 2023. The respondent did not report his misconduct to the Grievance Committee until December 2022. The respondent testified at his EUO that he waited until he had finished taking all of his CLE classes to report his misconduct to the Grievance Committee.
The respondent testified at the hearing that he was not contesting his misconduct and asked for leniency. The respondent acknowledged that he had made a mistake and provided evidence that he had been struggling with a mental health issue for the past several years, which caused his impulsive behavior. However, the respondent only sought treatment in 2023, and the treatment ended in the beginning of 2024.
The Special Referee's Report
The Special Referee's report sustained the single charge of professional misconduct. The Special Referee found that "[w]hile acknowledging his conduct, respondent appears remorseful. However, it is unclear if Respondent fully understands the severity of his actions."
Findings and Conclusion
In view of the evidence adduced at the hearing and the admissions, we find that the Special Referee properly sustained the single charge in the petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, we have considered in mitigation, inter alia, the respondent's cooperation with the Grievance Committee's investigation. Notwithstanding the mitigation advanced, we find that the respondent's actions were acts of volition and that he blatantly lied in open court repeatedly when asked directly by the court if he was licensed to practice law in Virginia. Under the totality of the circumstances, we find that the respondent's conduct warrants a suspension from the practice of law for a period of one year (see Matter of Hallock, 207 AD3d 90).
LASALLE, P.J., DILLON, DUFFY, BARROS and WARHIT, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Lionel Jay Yu, is suspended from the practice of law for a period of one year, commencing August 29, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 29, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Lionel Jay Yu, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Lionel Jay Yu, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Lionel Jay Yu, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court